IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DEXTER V. CARRADINE,

Plaintiff,

v.

WARE COUNTY SHERIFF'S
DEPARTMENT; RICHARD E.
CURRIE; STEPHEN L. JACKSON,
and RONNIE H. McQUAIG,

Defendants.

CIVIL ACTION NO.: CV507-044

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Ware County Jail in Waycross, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that, while he was incarcerated, the Ware County Sherriff's Department unlawfully executed a search of his residence at 1800½ Buchannan Street, although the search warrant was actually for 1800 Buchannan Street. Plaintiff states that through the illegal search, members of the Ware County Sherriff's Department found a gun and some drugs. Plaintiff avers that, because of the findings of the illegal search and seizure, he has been (and continues to be) unconstitutionally denied bond. Plaintiff names as Defendants the Ware County Sheriff's Department, Superior Court Judge Stephen Jackson, District Attorney Richard Currie, and Sheriff Ronnie McQuaig.

While local governments qualify as "persons" to whom section 1983 applies, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978); Parker v. Williams, 862 F.2d 1471, 1477 (11th Cir. 1989), sheriff's departments and courts, as mere arms of such governments, are not generally considered legal entities subject to suit. See Grech v. Clayton County, Ga., 335 F.3d 1326, 1343 (11th Cir. 2003). Accordingly, Plaintiff cannot state a claim against the Ware County Sheriff's Department, as it is merely the vehicle through which the county governs and is not a proper party defendant. See Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Additionally, Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 1104, 55 L. Ed. 2d 331 (1978)(holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed.2d 411 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357, 98 S. Ct. at 1105). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. As Plaintiff has not shown Judge Jackson

AO 72A
(Rev. 8/82)

lacked subject matter jurisdiction in denying his request for a bond, Plaintiff's claims against Defendant Jackson cannot be sustained.

Plaintiff also contends that Defendant Currie is liable to Plaintiff for the alleged violations of his constitutional rights. However, a prosecutor is immune from liability under the doctrine of prosecutorial immunity for actions taken within the scope of his office. Imbler v. Pachtman, 424 U.S. 409, 430, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976). Prosecutorial immunity in § 1983 suits is derived from judicial immunity. Id. at 427, 96 S. Ct. at 991. Policies supporting prosecutorial immunity include concerns "that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. As Plaintiff has not alleged that Defendant Currie acted outside the scope of his office, Plaintiff cannot maintain a claim against Defendant Currie.

Finally, in section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices

combined with a refusal to investigate or respond comprises such a causal connection. Plaintiff makes no factual allegations against Defendant McQuaig, and Plaintiff cannot hold Defendant McQuaig liable based on his supervisory position as the Ware County Sheriff.

## CONCLUSION

For the above reasons, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 17th day of August, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE